# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN M. HUFFER,<br><br>        Plaintiff,<br><br>v.<br><br>CARMEN KOSICEK, MAY ANN HUFFER, TEXOMA MEDICAL CENTER, KATHY J. ERICKSON, PROHEALTH CARE, CARLOS RODRIGUEZ, and TEXAS HEALTH RESOURCES,<br><br>        Defendants. | Case No. 24-CV-729-JPS<br><br><br>**ORDER** |

**1. INTRODUCTION**

On June 10, 2024, Plaintiff Steven M. Huffer ("Plaintiff"), who proceeds pro se, filed this action. ECF No. 1. He invokes the Court's federal-question jurisdiction, *id.* at 6, though as discussed below, both his allegations and the basis for this Court's jurisdiction to hear the case are unclear. Additionally, Plaintiff paid the filing fee for a civil case. ECF No. 1-1. Notwithstanding Plaintiff's payment of the filing fee, the Court will screen Plaintiff's complaint in accordance with 28 U.S.C. § 1915. The Court finds that the complaint fails to state a claim and accordingly will dismiss this action.

**2. SCREENING STANDARD**

"[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). The purpose of such screening is to identify

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citing *Rowe*, 196 F.3d at 783)). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## 3. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's allegations are similar to those he raised in two previous cases in this District. Plaintiff first sued in this District in July 2023. *Steven M. Huffer v. Carmen Kosicek et al.*, Case No. 23-CV-991-LA, ECF No. 1 (E.D. Wis. July 25, 2023). As understood by Magistrate Judge Stephen C. Dries in a report and recommendation screening Plaintiff's complaint and recommending that it be dismissed, the complaint in that case included allegations that the defendants worked together "to participate in a scheme to cause a feeling of intimidation." *Id.*, ECF No. 5 at 3 (E.D. Wis. Sept. 28, 2023) (quoting *id.*, ECF No. 1 at 2). Specifically, Plaintiff alleged that the defendants misdiagnosed him with bipolar disorder, prevented him from attending a state court proceeding "regarding allegedly unfounded child abuse claims," and made accusations against him that affected his ability to

find gainful work, caused him to fear for his safety, and led to an unequal division of assets in Plaintiff's apparent divorce. *Id.* at 3–4. Magistrate Judge Dries recommended that the complaint be dismissed because (1) the federal statute Plaintiff invoked—15 U.S.C. § 1512, the criminal witness tampering statute—does not include a private right of action; (2) Plaintiff attempted to challenge state court orders related to marriage dissolution and child custody arrangement; and (3) Plaintiff sought an inappropriate form of relief (inclusion in the witness protection program). *Id.* at 5–6. Magistrate Judge Dries advised Plaintiff of his right to file objections to the report and recommendation, *id.* at 7, but Plaintiff filed none. Judge Lynn Adelman adopted the report and recommendation and dismissed the case in October 2023. *Id.*, ECF No. 6.

Plaintiff filed a second suit about a month later. *Steven M. Huffer v. Carmen Kosicek et al.*, Case No. 23-CV-1516-PP, ECF No. 1 (E.D. Wis. Nov. 13, 2023). He raised similar allegations, including that the defendants "caus[ed] [him] to feel intimidated." *Id.*, ECF No. 1 at 2. This time, he alleged that the defendants' actions violated his "right to privacy" under the Fourth Amendment to the United States Constitution. *Id.* at 3. Again, he alleged that the defendants conspired to cause him "not to attend a Texas State's District Court where [he] was to be called as a witness i[n] a divorce proceeding." *Id.* The only relief he requested was "[a]n admission by the defendants to p[ar]ticipation in the conspiracy and [to] admit fault." *Id.* at 4. Chief Judge Pamela Pepper never reached the substance of Plaintiff's allegations, though, because she dismissed the case in April 2024 for Plaintiff's failure to prosecute after he failed both to file an amended request to proceed without prepaying the filing fee and then to pay the filing fee. *Id.*, ECF Nos. 5–7.

Plaintiff's complaint in the instant case essentially raises the same basic allegations as the last two, with new points added. Overall, he alleges that the named Defendants and other individuals and organizations conspired "to terminate [his] employ[]ment, terminate [his] parental rights to [his] child C.E.H . . . , undermine [his] mental stability and label [him] with a substance use disorder." ECF No. 1 at 2. He states that Defendants used "blackmail, extortion, witness tampering, malpractice, deformation, and sexual harassment" as the means of this alleged conspiracy. *Id.* (capitalization removed). He makes the following allegations regarding the involvement of specific named Defendants, individuals, and entities in the alleged "conspiracy."

He alleges that Carmen Kosicek ("Kosicek"), a provider of mental health or psychiatry services to Plaintiff, falsely stated during a telehealth visit that Plaintiff was "divorced" and "charged with a crime." *Id.* at 2. Plaintiff describes Kosicek's statements as the reason for his failure to show up for divorce proceedings in January through March of 2022. *Id.* at 3.

He alleges that May Ann Huffer ("Huffer"), apparently Plaintiff's ex-spouse, "undermine[d] [his] mental stability [by] saying [he] was suicidal" and by claiming that Plaintiff used narcotics. *Id.* at 3. He further alleges that Huffer told Plaintiff that she would call the police on him if he came to Huffer's home; Plaintiff describes the home as their "marital property." *Id.* Plaintiff later states that Huffer "moved to Florida in violation of the final divorce decree." *Id.* at 4. Plaintiff does not otherwise describe how Huffer's actions harmed him beyond allegedly inflicting mental injury.

Plaintiff next makes allegations against Carlos Rodriguez ("Rodriguez"), the CEO of "Sporaga Limited," for which Huffer did "volunteer work." *Id.* at 3. Rodriguez allegedly funded a "blackmail

campaign" against Plaintiff as a "quid pro quo" for Huffer's work there. *Id.* Once again, Plaintiff does not describe with particularity how Rodriguez's supposed blackmail campaign harmed him.

Plaintiff then makes allegations against Kathy Jane Erickson ("Erickson"), "who prides herself as 'Collin County Child Abuse Attorney.'" *Id.* It is not clear whether Erickson is a prosecutor or a private attorney. He alleges that Erickson intimidated "the witness" during Plaintiff's divorce proceeding and told the witness that Plaintiff had a criminal charge. *Id.* Plaintiff implies that Erickson's statement to the witness led in some way to his divorce, but he does not say who this witness was or why Erickson's statement supposedly intimidated them.

Plaintiff makes various allegations about being constructively terminated from employment and/or being "blackballed" from employment, which prevented him from earning income with which to pay child support. *Id.* at 4. He references Alyssa Martinez ("Martinez"), Sue Gates ("Gates), Steven Bessler ("Bessler"), and ProHealth Care, *id.* at 2; the Court presumes that these three individuals were employees of ProHealth Care. In the summer of 2021 during their and Plaintiff's employment at ProHealth Care, Martinez, Gates, and Bessler allegedly "sexually harass[ed]" Plaintiff "regarding sitting down to use the restroom" due to his medical diagnosis and his "hand size." *Id.* at 2. Plaintiff goes on to allege that employees at Texoma Medical Center ("Texoma") and Texas Health Resources ("THR") conspired to sexually harass him and to make his employment at the organizations "non tenable." *Id.* at 3. With respect to Texoma, he says that Texoma employees made him believe that his employment contract would be voided if he attended his divorce hearing. *Id.* at 3–4. He states that the alleged sexual harassment at Texoma began on

March 11, 2022. *Id.* at 4. With respect to THR, he says that employees gossiped about him cheating on his wife and made other comments that Plaintiff understood as disparaging towards him. *Id.* He states that the alleged harassment at THR lasted from August 12 to 18, 2022. *Id.* Employees at one of these organizations later "suggest[ed] that [Plaintiff] utilize the hospital EAP to get a psychiatric evaluation," which Huffer allegedly used "to conspire with the facility and other defendants not [to] let [Plaintiff] have any contact with [his] child." *Id.*

Plaintiff also makes various accusations about his personal information being improperly accessed and/or shared. Plaintiff states that his former roommate told him that "other defendants or [Plaintiff's] employer at the time, 'LRS Healthcare'" had damaging information about Plaintiff. *Id.* at 3. What this information was, what "LRS Healthcare" or the "other defendants" did with it, and how Plaintiff was harmed by it is not clear. Plaintiff also makes vague allegations that "the defendants" "[u]sed unauthorized access to [his] email . . . to install spyware on his []phone." *Id.* at 2, 3. These "defendants"—unspecified but presumably those Plaintiff named in the caption, *id.* at 1—allegedly communicated with Plaintiff's employers on Plaintiff's behalf but without his permission, making statements and threats that appeared to come from Plaintiff with the goal of "end[ing] [Plaintiff's] employment." *Id.* at 3.

For relief, Plaintiff seeks $1 million from each Defendant "for pain and suffering [and] personal embarrassment." *Id.* at 6. He also wants the professional licenses of any Defendants who have them to be sanctioned. *Id.*

## 4. ANALYSIS

The Court is unable to discern a coherent story from Plaintiff's allegations. He is upset about state court proceedings related to divorce and child custody and believes that some of the named Defendants—Kosicek, Huffer, Rodriguez, and Erickson—worked together to impact these proceedings and his mental health generally. He also believes that other named Defendants and related individuals and entities—Martinez, Gates, Bessler, ProHealth Care, Texoma, THR, and perhaps LRS Healthcare—sexually harassed him at work and/or interfered with his employment and his mental health generally.

Plaintiff briefly suggests that Texoma employees interfered with him attending a divorce hearing, but otherwise, what these two sets of accusations have to do with one another is not clear to the Court. Plaintiff appears to believe that all these Defendants, individuals, and entities were part of the same, unified scheme to impact his overall stability, but the complaint as written does not permit the Court to understand how that could be so.

Overall, Plaintiff's allegations do not provide a sufficient narrative for the Court to conclude that they provide "fair notice of what the . . . claim is and the grounds upon which it rests" to any of the named Defendants or those other individuals and organizations referenced in the body of the complaint. *Twombly*, 550 U.S. at 555. Alternatively, the complaint could be subject to dismissal as "fantastic or delusional." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (collecting cases); *see also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) (affirming dismissal of complaint containing "unsupported allegations that a wide variety of state and local officials over many months conspired to violate his rights"). Additionally,

the complaint could be viewed as "malicious" and therefore subject to dismissal because it raises claims that "mirror[] those in another suit he brought against several of the same defendants." *Holland*, 503 F. App'x at 477; *Walton*, 364 F. App'x at 258 ("[T]he district court was entitled to draw upon its familiarity with [the plaintiff's] prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of 'claims describing fantastic or delusional scenarios . . . .'" (quoting *Neitzke*, 490 U.S. at 328)).

Beyond a lack of basic coherence, there are a number of more specific deficiencies with Plaintiff's complaint. At bottom, his complaint fails to state a viable claim. Plaintiff's leading theory is that Defendants and the individuals and entities referenced in the body of the complaint "conspired" to engage in a pattern of blackmail, extortion, and witness tampering or intimidation. But as Magistrate Judge Dries previously noted, the federal witness intimidation statute is not enforceable by private parties. *Huffer v. Kosicek*, Case No. 23-CV-991-LA, ECF No. 5 at 4–5.

Plaintiff's allegations may be best construed as a claim of conspiracy to violate his constitutional rights, but even understood as such, his claims fail to clear several major hurdles that are required to survive screening.[1] A core problem is that Plaintiff does not specify which of his constitutional rights were violated. But even assuming that Plaintiff articulated an underlying constitutional violation, *see, e.g.*, *Kowalski v. Boliker*, 893 F.3d 987, 1000–01 (7th Cir. 2018) (noting that "a parent's interest in child custody [is] a form of liberty interest" and can be the basis of a procedural due process

---

[1] The Court has not located case law or statutes otherwise describing a cause of action that fits Plaintiff's theory of the case.

claim) (citations omitted), he still has not pleaded facts that would support any claim of conspiracy to deprive him of constitutional rights.

This type of claim might arise under either 42 U.S.C. § 1983 or § 1985(3). Section 1983 allows parties to sue for violations of their constitutional rights by individuals or entities acting "under color of" state law. "To establish a prima facie case of civil conspiracy [under § 1983], a plaintiff must show (1) an express or implied agreement among defendants to deprive the plaintiff of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Washington v. Amatore*, 781 F. Supp. 2d 718, 720 (N.D. Ill. 2011) (quoting *Thurman v. Village of Hazel Crest*, 570 F. Supp. 2d 1019, 1029 (N.D. Ill. 2008)). Meanwhile, "[a] § 1985 conspiracy claim may be brought when 'two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" *Tillman v. Burge*, 813 F. Supp. 2d 946, 977 (N.D. Ill. 2011) (quoting 42 U.S.C. § 1985(3)). "To state such a claim, plaintiff must allege a conspiracy, a purpose of depriving a class of persons of equal protection of the laws, an act in furtherance of the conspiracy, and an injury to plaintiff or a deprivation of his civil rights or privileges." *Id.* (citing *Indianapolis Minority Contractors Ass'n Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999)). Unlike § 1983's state action requirement, § 1985(3) extends to "private conspiracies." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).

Any potential conspiracy claim under § 1983 runs into two problems. First, Plaintiff has not alleged how any of the named Defendants or individuals or entities referenced in the body of the complaint were acting "under color of" state law, and they all appear to be private actors. *See L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("The plaintiff

must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))). Second, Plaintiff has not alleged facts showing or suggesting that any of the named Defendants or individuals or entities referenced in the complaint agreed to deprive him of his constitutional rights and then actually furthered that agreement with their actions. "[M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him . . . [i]s not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Although Plaintiff need not satisfy any state action requirement to state a conspiracy claim under § 1985(3), any such claim would still fail because Plaintiff has not alleged that the Defendants, individuals, and entities named in the complaint had a "purpose of depriving [him] of equal protection of laws" or exhibited some "class-based, invidiously discriminatory animus behind [their] actions." *Tillman*, 813 F. Supp. 2d at 977 (quoting *Griffin*, 403 U.S. at 102). Plus, as already noted, he has also failed to explain how the conduct of the Defendants, individuals, and entities named in the complaint deprived him of any right guaranteed by the federal Constitution. *Id.* (citation omitted).

For all these reasons, Plaintiff's complaint fails to state a viable claim under either § 1983 or § 1985(3) for conspiracy to deprive him of civil or constitutional rights.

Plaintiff has also made allegations that certain Defendants—Martinez, Gates, Bessler, ProHealth Care, Texoma, THR, and perhaps LRS Healthcare—sexually harassed him at work. It is unclear whether Plaintiff takes issue with the sexual harassment itself; Plaintiff mainly appears to

take issue with the outcomes of his state court proceedings and how any sexual harassment might have impacted those proceedings and/or his ability to pay judgments resulting from them. But the Court nevertheless addresses Plaintiff's allegations as potentially including a claim of sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). "To state a claim for sexual harassment under Title VII , a plaintiff must allege that "(1) he was subjected to unwelcome sexual conduct, advances, or requests; (2) because of his sex; (3) the acts were severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability." *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010) (citing *Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008)).

The Court takes no position on whether Plaintiff adequately alleges these elements, because it finds that any claim of sexual harassment under Title VII is time-barred. "[C]laims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations." *Thomas v. Thomas*, 22-CV-01893-JPH-TAB, 2022 WL 16572383, at *1 (S.D. Ind. Nov. 1, 2022) (citing *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018)). Plaintiff affirmatively alleges that he was sexually harassed by Martinez, Gates, Bessler, and/or ProHealth Care in the summer of 2021. He alleges that he was sexually harassed at Texoma in March 2022. And he alleges that he was sexually harassed at THR in August 2022. "In Wisconsin, a charge of discrimination actionable under federal law is timely if it is filed with the Equal Rights Division [("ERD")] within 300 days of the alleged discriminatory act." *Prindle v. TNT Logistics of N. Am.*, 331 F. Supp. 2d 739, 749 (W.D. Wis. 2004) (citing *Wisconsin Employment Law* §§ 14.182, 14.247 (1998) and *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002)). Plaintiff would need to have filed a charge about the latest alleged

incident of sexual harassment, at THR, with the ERD or the Equal Employment Opportunity Commission (a prerequisite to proceeding in federal court on a Title VII claim, *see Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992 (collecting cases)) in June 2023 to make any such complaint timely. He would have needed to file charges of discrimination related to his experiences at ProHealth Care and Texoma even earlier. Because Plaintiff has affirmatively pleaded facts showing that any putative Title VII sexual harassment claim in his complaint is time-barred, any such claim is subject to dismissal.

A final problem with the complaint is that, to the extent that Plaintiff is dissatisfied with state court proceedings that led to his divorce and child custody arrangement, the Court cannot provide his requested relief because doing so "requires the district court to review the state judicial proceeding." *Brown v. Bowman*, 668 F.3d 437, 443 (7th Cir. 2012); *see also Huffer v. Kosicek*, 23-CV-991-LA, ECF No. 5 at 5 (explaining that the district court may not hear such claims because they are barred under the *Rooker-Feldman* doctrine).

For all these reasons, Plaintiff's complaint is subject to dismissal. Although normally a party is given leave to attempt to amend his or her complaint to cure the pleading deficiencies, the Court need not give such leave when "any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Here, amendment would be unwarranted. Plaintiff was alerted to several deficiencies in his complaint in Case No. 23-CV-991. He failed to correct those deficiencies here, and his complaint this time around presents even more problems. At

a fundamental level, his allegations of a vast conspiracy strain credulity. For all these reasons, the Court does not see what purpose would be served by permitting Plaintiff to amend his complaint in this case.

5.  **CONCLUSION**

For the reasons stated herein, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted. The dismissal will therefore operate with prejudice. *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009) ("A dismissal for failure to state a claim is a dismissal on the merits, Fed.R.Civ.P. 41(b), unless the dismissal order states otherwise; and a dismissal on the merits is normally with prejudice and thus a bar to relitigation." (citing *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, (1981); *Waypoint Aviation Services Inc. v. Sandel Avionics, Inc.*, 469 F.3d 1071, 1073 (7th Cir. 2006); and 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2373 (3d ed. 2008)); *see also Creation Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 698 (N.D. Ill. 2022) ("Under Federal Rule of Civil Procedure 15, courts have 'broad discretion' to dismiss with prejudice "where there is . . . repeated failure to cure deficiencies, . . . or where the amendment would be futile." (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) and citing *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015))), *aff'd sub nom. Creation Supply, Inc. v. Cherrie*, 61 F.4th 511 (7th Cir. 2023).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.